Steven F. Schossberger, California Bar No. 178494
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5260

Attorneys for Defendants Brian Denny, CNCPros.Net, Inc.,
Automated Solutions, Inc., ASI Machine and Supply,
CNCListings, LLC, and FHD International, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAAS AUTOMATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>BRIAN DENNY, an individual, CNCPROS.NET, Inc., an Idaho Corporation, AUTOMATED SOLUTIONS, INC., an Idaho Corporation doing business as ASI MACHINE & SUPPLY, CNCLISTINGS, LLC, an Idaho Corporation, FHD INTERNATIONAL, LLC, an Idaho limited liability company and Does 1-10 inclusive,<br><br>Defendants. | Case No. CV 14-84 (SJO)(PPMx)<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Brian Denny, CNCPros.Net, Inc., Automated Solutions, Inc., CNCListings, LLC and FHD International, LLC, by and through their undersigned counsel of record, Steven F. Schossberger of the law firm Hawley Troxell Ennis & Hawley LLP, in answer to Plaintiff's Complaint, admits, denies and alleges as follows:

---

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

44066.0009.6364128.1

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Complaint unless expressly and specifically and admitted herein.

## SPECIFIC ADMISSIONS AND DENIALS

## JURISDICTION AND VENUE

1. In response to paragraph 1 of Plaintiff's Complaint, Defendants admit only that this Court has subject matter jurisdiction over the claim alleged in Plaintiff's Complaint, and that Defendants do not contest this Court's exercise of jurisdiction over the Defendants.

2. In response to paragraph 2 of Plaintiff's Complaint, Plaintiff has failed to plead any supplemental state law causes of action and, therefore, no further answer is required.

3. In response to the allegations in paragraph 3 of Plaintiff's Complaint, Defendants admit only that they do not contest venue in this Court. Defendants deny all other allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. In response to the allegations in paragraph 4 of Plaintiff's Complaint, the allegations as generally alleged against each of the Defendants specifically are denied.

## PARTIES

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. In response to the allegations in paragraph 6 of the Complaint, Defendant Denny admits that he is an individual residing in Idaho and the remaining allegations in said paragraph are denied.

7. In response to the allegations in paragraph 7 of the Complaint, Defendant CNCPros.Net, Inc. ("CNCPros") is an Idaho corporation, and the remaining allegations in said paragraph are denied.

8. In response to the allegations in paragraph 8 of the Complaint, Defendant Automated Solutions, Inc. ("ASI") admits it is an Idaho corporation, and the remaining allegations in said paragraph are denied.

9. In response to the allegations in paragraph 9 of the Complaint, it is admitted that ASI is an assumed business name used by Defendant Automated Solutions, Inc., and the remaining allegations in said paragraph are denied.

10. In response to the allegations in paragraph 10 of the Complaint, Defendant CNCListings, LLC ("CNCListings") admits it is an Idaho limited liability company, and the remaining allegations in said paragraph are denied.

11. In response to the allegations in paragraph 11 of the Complaint, Defendant FHD International, LLC ("FHD") admits it is an Idaho limited liability company, and the remaining allegations in said paragraph are denied.

12. The allegations in paragraph 12 of the Complaint are admitted.

13. In response to the allegations in paragraph 13 of the Complaint, the allegations are admitted.

14. In response to the allegations in paragraph 14 of the Complaint, subparagraphs A, B, C, D, E, F, G, and H, the allegations in each of the subparagraphs are denied.

15. In response to the allegations in paragraph 15 of the Complaint, the allegations are denied.

16. In response to the allegations in paragraph 16 of the Complaint, the allegations are denied.

17. In response to the allegations in paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to either admit or deny the allegations, and, therefore, said allegations are denied.

18. In response to the allegations in paragraph 18 of the Complaint, the allegations are admitted.

19. In response to the allegations in paragraph 19 of the Complaint, the pleadings and judgment on file in Case No. 09-CV-08336-CBM speak for themselves.

20. In response to the allegations in paragraph 20 of the Complaint, the pleadings and orders on file in Case No. CV 12-4779 (CBM) speaks for themselves.

21. In response to the allegations in paragraph 21 of the Complaint, it is admitted that Defendant FHD registered the domain names listed in said paragraph, and it is expressly denied that Defendants Denny, CNCPros, ASI, or CNCListings registered the domain names listed in said paragraph.

22. In response to the allegations in paragraph 22 of the Complaint, the allegations are admitted.

23. In response to the allegations in paragraph 23 of the Complaint, the allegations are admitted.

24. In response to the allegations in paragraph 24 of the Complaint, the allegations are admitted.

25. In response to the allegations in paragraph 25 of the Complaint, the allegations are denied.

26. In response to the allegations in paragraph 26 of the Complaint, the allegations are admitted.

27. In response to the allegations in paragraph 27 of the Complaint, the allegations are admitted.

28. In response to the allegations in paragraph 28 of the Complaint, the allegations are admitted.

29. In response to the allegations in paragraph 29 of the Complaint, the allegations are admitted.

30. In response to the allegations in paragraph 30 of the Complaint, the allegations are admitted.

31. In response to the allegations in paragraph 31 of the Complaint, the allegations are admitted.

32. In response to the allegations in paragraph 32 of the Complaint, the allegations are admitted.

33.  In response to paragraph 33 of the Complaint, Defendants incorporate by reference the responses to 1-32 above as though set forth herein.

34.  In response to the allegations in paragraph 34 of the Complaint, it is admitted that Defendant FHD registered the .co domain names through Godaddy.com. It is further admitted that Exhibit 1 shows copies of printouts from the website http://who.godaddy.com dated February 21, 2013.

35.  In response to the allegations in paragraph 35 of the Complaint, the allegations are denied.

36.  In response to the allegations in paragraph 36 of the Complaint, the allegations are admitted.

37.  In response to the allegations in paragraph 37 of the Complaint, it is admitted that Defendant FHD's registration of the .co domain names came one or more years after the Haas mark had become distinctive, and the remaining allegations in said paragraph are denied.

38.  In response to the allegations in paragraph 38 of the Complaint, it is admitted that Defendant FHD registered the .co domain names with knowledge that judgment was entered in Haas' favor on its ACPA claim as to five domain names in the 2009 litigation, and Defendant FHD affirmatively avers that it reasonably believed and had reasonable grounds to believe based upon the 2009 judgment that it could register the .co domain names and make fair and lawful use of said domains, and the remaining allegations in said paragraph are denied.

39.  In response to the allegations in paragraph 39 of the Complaint, the allegations are admitted.

40.  In response to the allegations in paragraph 40 A, B, C, D, E, F, G, H and I as to alleged evidence of "bad faith", said allegations are denied; however, it is admitted that Defendants have no intellectual property rights in the word "HAAS" or the Haas marks; it is admitted that none of the Defendants names is Haas; it is admitted that the Defendants did not register the .co domain names before Haas had already made a bona fide offering of goods and/or services under the Haas marks; it is admitted that the Defendants did not make a bona fide

noncommercial use of the infringing domain names; that when Defendant FHD registered the .co domain names it had knowledge that they were similar to the Haas mark, which Haas mark was distinctive at the time of the registration of the .co domain names; and it is admitted that Haas' trademark which was incorporated into the .co domain names was already distinctive at the time of the registration of the .co domain names.

41. In response to the allegations in paragraph 41 of the Complaint, the allegations are denied.

### RESPONSE TO PRAYER FOR RELIEF

42. Defendants deny that Plaintiff is entitled to the relief requested in the Prayer for Relief.

### FIRST AFFIRMATIVE DEFENSE

Under 15 USC § 1125(d), none of the Defendants registered the .co domain names with a bad faith intent to profit.

### SECOND AFFIRMATIVE DEFENSE

Under 15 USC § 1125(d), at the time of registration, Defendants FHD and/or Denny believed, and had reasonable grounds to believe, that its intended use of the .co domain names was a fair use or otherwise lawful.

### THIRD AFFIRMATIVE DEFENSE

Under 15 USC § 1125(d), none of the Defendants singularly, or in concert or combination therewith, including Defendants CNCPros.net, Inc., Automated Solutions, Inc., or CNCListings, LLC, registered any of the .co domain names at issue in the Complaint which would give Plaintiff a right to recover under 15 USC § 1125(d).

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury as to all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety and with prejudice that Plaintiff take nothing thereunder;

2. That Defendants be awarded their reasonable costs, including attorney fees, necessarily incurred in defending this action; and

3. For such other and further relief as the Court deems just and proper.

DATED: January 28, 2014                HAWLEY TROXELL ENNIS & HAWLEY LLP


                                       By:    /s/   Steven F. Schossberger
                                              Steven F. Schossberger,
                                              California Bar No. 178494
                                              Attorneys for Defendants Brian Denny,
                                              CNCPros.Net, Inc., Automated Solutions,
                                              Inc., ASI Machine and Supply, CNCListings,
                                              LLC, and FHD International, LLC

**CERTIFICATE OF SERVICE**

STATE OF IDAHO      )
                    ) ss.
County of Ada       )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the within entitled action. I am employed in the County of Ada, Idaho and my business address is 877 Main Street, Suite 1000, P.O. Box 1617, Boise, Idaho 83701.

On January 28, 2014, I caused to be served the following document:

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

☐ By **U.S. Mail:** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is depositing with the U.S. Postal Service on that same day with postage thereon fully prepaid at Boise, Idaho in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ By **Facsimile:** I caused such document to be transmitted by facsimile machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown above. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

☐ By **Fed Ex:** Via Federal Express overnight express carrier, by placing the document(s) in a sealed Federal Express envelope addressed to each person listed above (or on the attached Service List) with delivery fees prepaid or provided for; and depositing the document(s) in a box or other facility regularly maintained in Boise, Idaho by Federal Express, or by delivering the document(s) to an authorized courier or driver authorized by Federal Express to receive documents.

☒ By **Electronic Service Filing:** Complying with Fed.R.Civ.P. 5(b)(2)(d), my electronic business address is sschossberger@hawleytroxell.com and I caused such document(s) to be served for the above-entitled case to those parties listed on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ By **PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Tri County Process Service on the parties listed below at their designated business address.

☐     By personally delivering the copies;

☐     By leaving the copies at the attorney's office;

    ☐     With a receptionist, or with a person having charge thereof; or

    ☐     In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐     By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

    I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

| | |
|---|---|
| George Stephan<br>Farah P. Bhatti<br>Jason E. Goldstein<br>Suliman Jamal<br>BUCHALTER NEMER<br>A Professional Corporation<br>18400 Von Karman Avenue, Suite 800<br>Irvine, CA 92612-0514 | gstephan@buchalter.com<br>fbhatti@buchalter.com<br>jgoldstein@buchalter.com<br>sjamal@buchalter.com<br>Attorneys for Plaintiff |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Boise, Idaho, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

    Executed on January 28, 2014, at Boise, Idaho.

    By: /s/ Steven F. Schossberger
           Steven F. Schossberger